George **PROWSE, Jr.,** Appellant,

v.

**O.E. SCHELLHASE, et al.,** Appellees.

No. 13–91–571–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1992.

Robert L. Ramey, Corpus Christi, for appellant.

Virgil Howard, W.H. Bennett, Corpus Christi, for appellees.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

By a single point of error, George Prowse, Jr., complains that the trial court erred in entering summary judgment against him in a contract and quantum meruit action he brought against appellees, O.E. Schellhase, Jess Rhodes, Georgina F. Reid, H.B. Emery and Wildwood Royalty Co. We reverse the trial court's judgment and remand the case to the trial court for trial on the merits.

Schellhase buys and sells mineral leases. In 1989, Schellhase approached Prowse and requested his assistance in locating buyers of mineral leases in Gonzales County, even though he had not yet secured the leases from the landowners. Prowse and Schel-

lhase contacted potential buyers and distributed copies of plats, scout tickets, and logs of wells previously drilled in the area. Prowse contacted Rhodes, who was interested in the leases and wanted more information. Prowse told Schellhase of Rhodes' interest in the leases. Schellhase then delivered a lease "package" to Rhodes. Rhodes then contacted Emery and Wildwood Royalty. Schellhase subsequently secured a lease from the landowners. He and Emery then sold an 80% net revenue interest to Meridian Oil, Inc. Schellhase received $52,500 profit from the transaction. Schellhase divided this profit equally and distributed the proceeds to himself, Rhodes and Wildwood Royalty. Schellhase, Wildwood Royalty, and Reid (as Rhodes' nominee) also retained a 3.33% overriding royalty interest. Prowse alleges that he rendered services worth ⅙ of the cash profit and royalty interest appellees received.

Appellees Schellhase, Reid, and Rhodes moved for summary judgment on the grounds that 1) appellant admitted that he performed no services in securing the leases from the landowners and 2) the claim was barred by the Statute of Frauds because the parties had no written contract. Appellees offered copies of excerpts from appellant's deposition and responses to interrogatories as summary judgment evidence.

Appellant, in his response to appellee's Motion for Summary Judgment, objected to appellee's evidence as not being properly authenticated and argued that the Statute of Frauds does not apply to contracts performable within one year or to quantum meruit actions. Appellant also filed an affidavit stating that he had performed specific services which aided Schellhase in his attempt to sell the mineral leases.

The trial court entered summary judgment in favor of Schellhase, Reid, and Rhodes on July 11, 1991. Appellant moved for a new trial on August 5, 1991. The next day, appellees, Emery and Wildwood Royalty, filed a motion for summary judgment which was identical to the one filed by Schellhase, Reid, and Rhodes. On August 19, 1991, the trial court entered an amended order granting summary judgment in favor of Schellhase, Reid, and Rhodes. On August 23, 1991, it granted appellant's motion and ordered a new trial. On September 19, 1991, the trial court granted a final summary judgment in favor of all appellees.

To sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

Excerpts from depositions are not competent summary judgment evidence unless the party offering them attaches a copy of the court reporter's certificate and his own affidavit certifying that the copy is true and correct. *Grossman v. Grossman*, 799 S.W.2d 511, 512 (Tex.App.—Corpus Christi 1990, no writ); *Deerfield Land Joint Venture v. Southern Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, no writ). Excerpts from responses to interrogatories are not competent summary judgment evidence unless the party offering them properly authenticates them or the entire set of interrogatories and responses are contained in the transcript. *Robbins v. Warren*, 782 S.W.2d 509, 510 (Tex.App.—Houston [1st Dist.] 1989, no writ). The *Deerfield* authentication rule survives Tex.R.Civ.P. 166a(d), the new rule regarding summary judgment use of discovery not otherwise on file. *Hollingsworth v. King*, 810 S.W.2d 772, 774 (Tex. App.—Amarillo 1991), writ denied per curiam, 816 S.W.2d 340 (Tex.1991).

We find no competent evidence to support any of the motions for summary judgment. Appellees attached copies of deposition excerpts as exhibits to their motions for summary judgment. Appellees also attached copies of excerpts from interrogatory responses as exhibits to their mo-

tions for summary judgment. Appellees did not certify the copies as being true and correct. Neither the original interrogatories, the original interrogatory responses, nor the original deposition are included in the record.[1] The docket sheet does not reflect whether the original interrogatories, the original interrogatory responses, or the original deposition were filed with the trial court prior to the hearings on the motions for summary judgment.

Even if we were to find appellees' evidence competent, it would not entitle them to summary judgment. To recover under quantum meruit, a claimant must prove 1) that he rendered valuable services or materials 2) to the person he seeks to charge 3) and who accepted, used, and enjoyed those services or materials 4) under circumstances that reasonably notified him that claimant expected him to pay. *Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990). Prowse alleged that he rendered services in aiding Schellhase *sell* mineral leases. Appellees' evidence showed that appellant admitted performing no services in aiding Schellhase *obtain* the leases from the landowners. A question of fact remains, whether Prowse rendered services aiding the sale of those leases.

The Statute of Frauds does not bar appellant's claim, for it applies neither to quantum meruit actions, *Campbell v. Northwestern Nat'l Life Ins. Co.,* 573 S.W.2d 496, 498 (Tex.1978), nor to actions on contracts performable within one year. *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex. 1982); *Morgan v. Jack Brown Cleaners, Inc.,* 764 S.W.2d 825, 827 (Tex.App.—Austin 1989, writ denied). A party who contracts to provide services assisting the sale of a mineral lease may clearly perform the contract within one year, as the contract term expires when the parties find a buyer. The trial court erred in entering summary judgment against appellant. We sustain appellant's point of error.

We REVERSE the trial court's judgment and REMAND the case to the trial court for trial on the merits.

---

**1.** Appellees filed the original deposition with the clerk of this Court the day after appellant filed his brief. However, in determining whether the trial court erred in entering summary judgment,

we must only look at the evidence on file with the trial court at the time of the hearing on the motion for summary judgment.