Delayne Nell GARCIA, Appellant,

v.

Glynn ANDREWS d/b/a Mo–Vac Service Company, Nick Tiller, and Mo–Vac Service Company, Inc., Appellees.

No. 13–92–224–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1993.

**410**

Jose R. Guerrero, Montalvo & Ramirez, McAllen, for apppellant.

Raymond A. Cowley, David H. Jones, Jarvis & Kittleman, McAllen, for appellees.

Before SEERDEN, C.J., and KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from the granting of a summary judgment in favor of the defendants, where appellant's sole cause of action was for the intentional infliction of emotional distress. The appellant complains, by four points of error, of the admission of certain summary judgment evidence, that there were genuine issues of material fact presented on defendant Tiller's outrageous conduct and on appellant's severe mental anguish, that her common law action is not preempted by the Texas Commission On Human Rights Act, and that appellant was wrongfully denied the opportunity to amend her pleadings to encompass piercing of the corporate veil to reach defendant Andrews. We affirm.

### Factual Background

Appellant Delayne Nell Garcia was employed by Mo–Vac from August 28, 1989, until she was discharged one month later on September 29, 1989. On May 7, 1990, appellant filed a complaint with the Texas Commission on Human Rights alleging sexual harassment and retaliation in violation of the Texas Commission on Human Rights Act (TEX.REV.CIV.STAT.ANN. art. 5221k (Vernon 1987)). On October 24, 1990, appellant abandoned her claim with the Commission and commenced this common law action for intentional infliction of emotional distress against the appellees, alleging the same facts that were asserted in her complaint to the Commission. Appellant complains of three acts committed by Tiller. On the day Mo–Vac hired her, Tiller, a corporate manager, came into the office to meet her. He was observing her from top to bottom, which made her feel as if he was undressing her, and that made her feel very uncomfortable. He did not approach her, nor stand close to her. On another occasion, when she was working alone in her office, Tiller came in and flicked the lights off and on and asked her if she did her best work in the dark. On the final occasion, Tiller spoke to her through a plexiglass reception window and inquired about the magazine she was reading. After she told him it was a woman's magazine, he told her about a woman's magazine his wife had brought home the night before which told of the different sizes and shapes of men and what they did right or wrong "in the sack." This conduct, to which the appellant never consented, left her "wordless and embarrassed." Because she asserted that Tiller acted within the course and scope of his

employment, Mrs. Garcia sued the remaining defendants on a theory of vicarious liability for Tiller's actions. On January 9, 1992, the trial court granted the appellees' motion for summary judgment and dismissed all of the appellant's claims. From this final judgment, Garcia now appeals.

## Standard of Review

The motion for summary judgment alleged numerous grounds upon which dismissal of the cause could be based. The order granting summary judgment does not state the specific ground on which it was granted. Therefore, the summary judgment must be affirmed if any of the theories are meritorious. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989). In reviewing a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant. *Id.*

## Evidentiary Challenge

■ Appellant's first point of error complains of the admission of the excerpts from her deposition. These excerpts constituted the summary judgment proof. The appellant contends that the appellees failed to comply with Rule 166a of the Texas Rules of Civil Procedure concerning use, as summary judgment proof, of discovery products that are not previously on file with the trial court. Excerpts from depositions are competent summary judgment evidence when the party offering them attaches a copy of the court reporter's certificate and his own affidavit certifying that the copy is true and correct. *See Prowse v. Schellhase*, 838 S.W.2d 787, 789 (Tex.App.—Corpus Christi 1992, no writ). The affidavit of the Deputy Clerk of Hidalgo County verifies that the excerpts of Garcia's deposition were attached as an exhibit to appellees' summary judgment motion, and were properly accompanied by the court reporter's certification and by the affidavit of the appellees' attorney certifying the

copies as true and correct. Therefore, the excerpts may constitute competent proof if the appellees have complied with the other stipulations of Rule 166a.

■ Because the deposition of Mrs. Garcia was not previously on file with the court, appellees must comply with section (d) of Rule 166a which stipulates in part:

Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, *appendices containing the evidence*, or a notice containing specific references to the discovery or specific references to other instruments, *are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs*: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment;

Tex.R.Civ.P. 166a(d) (emphasis ours). There is no contention that the excerpts were not filed timely. The appellant asserts, however, that appellees failed to file and serve on all parties the required statement of intent to use the specified discovery as summary judgment proofs.

The appellees here timely filed their motion for summary judgment which referenced, specifically by page number, the deposition excerpts which they were offering as proof for their motion. Additionally, appellees either directly quoted, or paraphrased the substance of the deposition testimony upon which they relied. The excerpts were actually attached to the motion as "Exhibit D" and incorporated therein. Appellees did not file a separate notice of intent to use the deposition excerpts as summary judgment proof. However, numbered paragraph twenty-six of appellees' motion reads: "This motion is based upon the sworn summary judgment evidence attached hereto, and the pleadings on file with this Court." The question presented here, one of first impression, is whether the language of paragraph twenty-six, situated as it is within the text of the summary judgment motion itself, constituted a statement of intent to use the specified discovery as summary judgment proof, or whether separate notice is required. Noth-

**412**

ing in the rule requires the "statement" to be independent of the motion itself. Therefore, because the statement in the appellees' motion is unambiguous and clearly indicates, to the trial court and to the parties, that the appellees intended the attached deposition excerpts to serve as summary judgment proof, we hold that it did constitute a statement of intent. Appellant's first point of error is overruled.

### Outrageous Conduct

Appellant's third point of error asserts that there are material fact issues concerning the conduct and distress elements of her claim for intentional infliction of emotional distress. To maintain such an action, appellant Garcia must show: 1) that Tiller acted intentionally or recklessly; 2) that Tiller's conduct was extreme and outrageous; 3) that Tiller's actions caused her emotional distress; and 4) that the emotional distress she suffered was severe. *See Twyman v. Twyman,* 855 S.W.2d 619, 734 (Tex.1993). Proving intentional conduct, even conduct meant to cause distress, is not sufficient. To maintain a cause of action, appellant Garcia must show that a fact issue exists concerning the separate essential element of "extreme and outrageous conduct." *Wornick Co. v. Casas,* 856 S.W.2d 732, 736 (Tex.1993). Appellant Garcia invites this Court, as a matter of public policy, to define a "reasonable woman" standard to determine what constitutes conduct that is "extreme and outrageous" in cases of intentional infliction of emotional distress in which sexual harassment occurs. We decline the invitation. Existing policy is concerned not only with safeguarding freedom of expression, but also with the even-handed disposition of all claims without regard to whether the plaintiff is a woman or a man, is young or old, or is a member of any one of numerous and varied sub-groups in our society, each, possibly, with its own standard of decency. Fairness dictates a general societal standard where liability is found only where the conduct goes "beyond all possible bounds of decency, and [is] to be regarded as atrocious and utterly intolerable in a *civilized community." Id.* (quoting Restatement (Second) Torts § 46 cmt. d (1965), emphasis ours). Appellant Garcia complains only of the three acts of Tiller set out above. Even assuming that the allegations of Mrs. Garcia are true, and indulging every reasonable inference in her favor, after applying the definition set out by the Supreme Court of Texas in *Wornick,* we hold that there is no evidence that the conduct of appellee Tiller was either extreme or outrageous. "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Wornick,* 856 S.W.2d at 734. The trial court correctly granted appellees' motion for summary judgment based on the finding that, as a matter of law, Tiller's conduct was not extreme or outrageous. Appellant's third point of error is overruled.

Having affirmed the summary judgment based on the trial court's finding that there is no genuine issue of material fact on an essential element of appellant's claim, it is not necessary to reach appellant's points two and four, which deal with additional grounds submitted to the trial court in the motion for summary judgment. TEX.R.APP.P. 90(a).

The judgment of the trial court is AFFIRMED.