# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 96-20213
(Summary Calendar)

_____

LINDA MCLANEY;
GEORGE MCLANEY,

Plaintiffs-Appellants,

versus

TEXACO INC.;
ROBERT R. ELLIOTT,

Defendants-Appellees.

_____

Appeal from United States District Court
for the Southern District of Texas
(CA-H-95-5132)

_____

September 20, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

In this sexual harassment case, Linda and George McLaney appeal the district court's

judgment granting the defendants' motion to dismiss their case. They claim that they did not

fraudulently join Robert Elliott to destroy diversity and that common law remedies are available to

them. For the following reasons, we affirm the judgment of the district court.

## FACTS

Linda and George McLaney are husband and wife. Mrs. McLaney worked for Texaco, Inc.

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

from December 1988 to March 1, 1995 when Texaco terminated her. Mrs. McLaney was assigned to work under the supervision of Robert Elliott in early 1993. Elliott commented about her looks, stared at her body, and touched her shoulders, legs, breasts, dorsal parts, face, and hair despite her requests that he discontinue the touching. The conduct escalated to an encounter in which Elliott brought Mrs. McLaney to his apartment and unsuccessfully attempted to have intercourse with her. Elliott also left cards on Mrs. McLaney's desk. When she insisted that he cease the sexual conduct and affection, he retaliated by refusing to communicate with her, train her, or give her work. Elliott's sexual conduct caused McLaney to develop emotional and mental problems necessitating therapy and leave time.

The McLaney's sued the defendants for the intentional infliction of emotional distress and various negligence claims. The defendants removed the case to federal district court by asserting that Elliott was fraudulently joined to destroy diversity. They also claimed that the McLaney's claims were time barred. The district court ignored the arguments of the defendants, ruling instead that the plaintiffs could not maintain any claims against the defendants. The plaintiffs appeal the denial of their motion to remand and the summary judgment granted in favor of the defendants.

## DISCUSSION

### A.    STANDARD OF REVIEW.

We review a grant of summary judgment under the parameters established by rule 56 of the Federal Rules of Civil Procedure. Summary judgment shall be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. We review the district court's summary judgment de novo. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th

2

Cir. 1994); see also Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). Fact questions are considered with deference to the non-moving party, while questions of law are reviewed de novo. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). We review the denial of a motion to remand de novo because it is a question of law. Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

## B.    REMAND.

The plaintiffs argue that they have not fraudulently joined Elliott because they have asserted three viable claims against him: intentional infliction of emotional distress, negligence, and alienation of affection. Though Texas no longer recognizes a cause of action for alienation of affection, an action for tortious interference with familial relations exists. The plaintiffs contend that mislabelling the action does not destroy it because they have pled the elements of the correct cause of action. Further, they assert that Mrs. McLaney could maintain common law claims against Elliott independently of claims for violations of statutory rights. We disagree.

Joinder is fraudulent when there is no reasonable basis to conclude that the plaintiff can recover against the defendant on the causes of actions pleaded. Burchett v. Cargill, 48 F.3d 173, 176 (5th Cir. 1995). The burden placed on the party crying "fraudulent joinder" is a heavy one. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). We have previously detailed the considerations of a fraudulent joinder allegation:

> In determining the validity of a claim of fraudulent joinder, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. We do not determine whether the plaintiff will actually or even probably prevail on the merits of

3

the claim, but look only for a possibility that the plaintiff might do so.

Burden, 60 F.3d at 216 (citations omitted).

Our review of the record demonstrates that the plaintiffs do not have any possibility of recovering damages against Elliott. First, the Texas legislature abolished the cause of action for alienation of affection in 1987. See TEX. FAM. CODE § 4.06 (Vernon's 1993). We find unpersuasive the plaintiffs' attempt to revive this action using cases predating the legislature's 1987 action. The district court properly rejected the alienation of affection as a possible cause of action against Elliott.

Second, Mrs. McLaney does not present a viable action for intentional infliction of emotional distress. This cause of action requires proof that Elliott either intentionally or recklessly engaged in extreme or outrageous conduct that cause Mrs. McLaney to suffer severe emotional distress. See Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993). Outrageous conduct involves actions which go "beyond all possible bounds of decency, and [is] to be regarded as atrocious and utterly intolerable in a civilized community." Wornick Co. v. Casas, 856 S.W.2d 732, 736 (Tex. 1993).

Assuming that Mrs. McLaney's allegations are true and indulging all reasonable inferences in her favor, the facts suggest the existence of a consensual relationship between Mrs. McLaney and Elliott. Mrs. McLaney's evidence demonstrates that Elliott took steps to foster an extramarital affair with Mrs. McLaney, and her evidence also shows that she reciprocated his efforts to some degree. For example, when Elliott requested that they go to his apartment after leaving a restaurant where they had eaten lunch, she exhibited no resistance to the idea (reasoning that she had no other means of transportation to return to work) and no objection to his overt advances, which included undressing, kissing, and fondling her. Further, Mrs. McLaney does not present evidence denying that she sent Elliott a card saturated with sexual innuendos. We are hard pressed to find that Elliott

4

engaged in outrageous conduct as defined by the Texas Supreme Court. See Garcia v. Andrews, 867 S.W.2d 409, 412 (Tex. App. 1993).[1]

Finally, Mrs. McLaney cannot recover for negligent sexual harassment because this claim is preempted by the Texas Commission on Human Rights Act.[2] "Generally, when a statute gives a remedy, it is cumulative of the common law remedy and not exclusive unless the statute either expressly or impliedly negates the right to the common law remedy." Navistar Int'l Transp. Corp. v. Crim Truck & Tractor Co., 791 S.W.2d 241, 245 (Tex. App. 1990); see also Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 192 (Tex. App. 1995). The Texas Supreme Court has interpreted the provisions of the Texas Commission on Human Rights Act as being "mandatory and exclusive." Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991). Consequently, Texas courts refuse to allow plaintiffs to litigate employment discrimination causes of actions which fall within the scope of the Texas Commission on Human Rights Act because the Act preempts such cause of actions. See Vincent v. West Texas State Univ., 895 S.W.2d 469, 473-74 (Tex. App. 1995);

---

[1]Our conclusion that Mrs. McLaney could not satisfy an essential element of the emotional distress claim obviates the need to discuss the defendants' statute of limitations arguments.

[2]Even if the negligence claims were not preempted, Mrs. McLaney could not successfully recover under this theory. Mrs. McLaney cannot recover under a theory of common law negligence or negligence under the Texas Commission on Human Rights. The district court concluded: "they must first establish a duty owed by Elliott. Beyond human decency, that Elliott breached." The Texas Supreme Court has identified duty as an element of a common law negligence claim. See Otis Eng'g Corp. v. Clark, 668 S.W.2d 307, 309 (Tex. 1983). Mrs. McLaney has failed to establish a duty owed by and breached by Elliott, and therefore, Elliot t cannot be liable. Further, Mrs. McLaney cannot recover against Elliott under a statutory negligence claim because the statutes impose liability on an employer, which Elliott is not. The record demonstrates that Elliott is Mrs. McLaney's co-worker, not her supervisor. He was not empowered with authority to hire, fire, promoted, demote, discipline, or transfer employees. As a co-worker, Elliott cannot be personally liable to her for sexual harassment. See Grant v. Lone Star Co., 21 F.3d 649, 651-52 (5th Cir.), cert. denied, 115 S. Ct. 574 (1994); and City of Austin v. Gifford, 824 S.W.2d 735, 742 (Tex. App. 1992).

5

and <u>Stinnett v. Williamson County Sheriff's Dept.</u>, 858 S.W.2d 573, 576 (Tex. App. 1995).

Further, we find unpersuasive the cases cited by the plaintiffs in an effort to demonstrate the availability of common law claims. Those cases predate Schroeder and the cases applying it. Therefore, Mrs. McLaney is relegated to pursuing relief via the provisions of the Commission on Human Rights Act. Mrs. McLaney's failure to demonstrate her compliance with the Act warranted dismissal of her claims. Accordingly, no recovery may lie on a claim of negligent sexual harassment.[3]

The plaintiffs have failed to allege any viable claims against Elliott. Therefore, the district court's finding of fraudulent joinder must be upheld.

## C.    CLAIMS AGAINST TEXACO.

The plaintiffs argue that the district court erroneously ruled that Mrs. McLaney could not maintain any common law claims against Elliott or Texaco because her remedies were limited to claims under Texas statutes. The plaintiffs maintain that <u>Johnson v. Merrel Dow Pharmaceuticals, Inc.</u>, 965 F.2d 31 (5th Cir. 1992), which the district court cites in support of its conclusion does not stand for this proposition. Finally, the plaintiffs cite cases wherein plaintiffs recovered damages under both statutory and common law causes or recovered on only the common law grounds. We cannot agree.

Mrs. McLaney's inability to recover from Elliott has been discussed above. Her claims against Texaco must suffer a similar fate. As discussed in detail above, the Texas Commission on Human

---

[3]Even if the Commission on Human Rights Act did not preempt the common law claims, Mrs. McLaney would not have a cause of action against Elliott under a theory of sexual harassment. Texas courts do not recognize this cause of action. <u>See</u> <u>Vincent</u>, 895 S.W.2d at 473-74. She had no choice but to sue under the Act.

Right Act preempts all of her common law employment discrimination claims against Texaco.[4]

Thus, summary judgment in favor of Texaco was proper.[5]

## CONCLUSION

For the foregoing reasons, we AFFIRM the finding of fraudulent joinder, the denial of the plaintiffs' motion to remand, and the grant of the defendants' motion for summary judgment.

---

[4]Apart from the district court's finding that statutory claims preempted Mrs. McLaney's actions against Texaco, the court summarily concluded that "these common law causes of action cannot be sustained against Texaco because its duty to an employee is restricted to the terms and conditions of employment and the employee's safety." As the plaintiffs did not challenge in their appellate brief the summary judgment rendered in favor of Texaco regarding the merits of the plaintiffs' claims, this issue is waived. Zuccarello v. Exxon Corp., 756 F.2d 402. 407-08 (5th Cir. 1985).

[5]Because we conclude that the Commission on Human Rights Act preempts the plaintiffs' claims, we need not address the parties' workers' compensation concerns.