NUMBER 13-98-484-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


WILLIAM TRENEER, Appellant,


v.



STEPHEN REYNOLDS, Appellee.

____________________________________________________________________


On appeal from the 93rd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa


 

 Appellant, William Treneer, sued appellee, Stephen Reynolds, for
various causes of action(1) arising out of the alleged breach of an oral
contract to sell land located in Hidalgo County, Texas. Reynolds moved
for summary judgment under Texas Rules of Civil Procedure 166a(c)
and 166a(i) on statute of frauds, limitations, and other grounds, and the
trial court granted the motion as to all causes of action. By two issues,
Treneer contends: (1) Reynolds failed to prove there was no material
issue of fact and that he was entitled to summary judgment as a matter
of law, and (2) Treneer's summary judgment proof was sufficient to
defeat Reynolds' no-evidence motion for summary judgment. We
affirm.

A. Standard of Review


 When reviewing a traditional summary judgment, an appellate
court must follow these well-established rules:

(1) the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law;


(2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and


(3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts must be resolved in
favor of the nonmovant.


American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a. A defendant's motion for
summary judgment should be granted if he disproves at least one
essential element of each of the plaintiff's causes of action, or if he
establishes all the elements of an affirmative defense as a matter of law. 
Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). Evidence favoring the movant's position
will not be considered unless it is uncontradicted. Great Am. Reserve
Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.
1965). 

 A "no-evidence" summary judgment granted under rule 166a(i) is
essentially a pre-trial directed verdict, and we apply the same legal
sufficiency standard in reviewing a no-evidence summary judgment as
we apply in reviewing a directed verdict. Zapata v. Children's Clinic,
997 S.W.2d 745, 747 (Tex. App.--Corpus Christi 1999, pet. filed);
Moritz v. Bueche, 980 S.W.2d 849, 853 (Tex. App.--San Antonio 1998,
no pet.); Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San
Antonio 1998, pet. denied). We review the evidence in the light most
favorable to the party against whom the summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Zapata,
997 S.W.2d at 747; Connell v. Connell, 889 S.W.2d 534, 537 (Tex.
App.--San Antonio 1994, writ denied). A no-evidence summary
judgment is improper if the respondent brings forth more than a scintilla
of probative evidence to raise a genuine issue of material fact. Havner,
953 S.W.2d at 711; Zapata, 997 S.W.2d at 747. Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983); Zapata, 997 S.W.2d at 747. More than
a scintilla of evidence exists when the evidence rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions. Havner, 953 S.W.2d at 711; Zapata, 997 S.W.2d at 747.

 If a summary judgment is granted generally, without specifying
the reason, it will be upheld if any ground in the motion for summary
judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989); Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.--Corpus
Christi 1995, writ denied); Benavides v. Moore, 848 S.W.2d 190, 192
(Tex. App.--Corpus Christi 1992, writ denied). 

B. Facts


 Viewed in the light most favorable to Treneer, the nonmovant, the
summary judgment evidence shows that Treneer and Reynolds entered
into an oral agreement in July 1991. Treneer was to provide cash and
labor to develop a property owned by Reynolds into a tennis and
swimming club. In return, Reynolds was to convey a 49% ownership
in the property to Treneer at some unspecified future time for an
unspecified price. Treneer invested some $237,000 in cash and labor
in the venture, including physical improvements to buildings and tennis
courts and payment of property taxes and insurance premiums on the
property. The business was eventually incorporated as Rio Grande
Valley Tennis Academy, Inc. d/b/a The Racquet Club. Treneer was a
director, officer, shareholder, general manager and employee of the
corporation. Treneer's agreement was made with Reynolds
individually, not as an agent of the corporation, which did not exist at
the time of the agreement. 

 Between January and July of 1992, they discussed a sale price of
$222,000. Beginning in January 1993, Treneer repeatedly asked
Reynolds to reduce their agreement to writing. Reynolds refused, and
fired Treneer in September 1996. Treneer filed this action on November
1, 1996 against Reynolds alone, claiming that Reynolds was the alter
ego of the corporation, and alleging causes of action for breach of
contract, fraud, unjust enrichment and quantum meruit and seeking
specific performance of the contract or damages. He did not sue the
corporation. Reynolds moved for summary judgment on the grounds
that the affirmative defenses of the statute of frauds and the statute of
limitations barred Treneer's action as a matter of law.

C. Treneer's Claim for Breach of Contract


 The Texas version of the common-law statute of frauds provides
that a contract for the sale of real estate is not enforceable unless the
promise or agreement, or a memorandum of it, is in writing and signed
by the person charged with the promise or agreement or by someone
lawfully authorized to sign for him. Tex. Bus. & Com. Code Ann. § 26.01
(Vernon 1987). Whether a contract falls within the statute of frauds is
a question of law. Bratcher v. Dozier, 162 Tex. 319, 346 S.W.2d 795,
796 (1961); Choi v. McKenzie, 975 S.W.2d 740, 742 (Tex. App.--Corpus
Christi 1998, pet. denied).

 Because it is undisputed that the agreement to sell the land was
oral, Reynolds has established his right to summary judgment on this
claim as a matter of law. Once the movant establishes an affirmative
defense which would bar the suit as a matter of law, the non-movant
must produce summary judgment proof raising a fact issue in
avoidance of the affirmative defense. Gonzalez v. City of Harlingen, 814
S.W.2d 109, 112 (Tex. App.--Corpus Christi 1991, writ denied). 

 Treneer admits the agreement was not in writing, but asserts that
his partial performance of the agreement takes it out of the statute of
frauds. Under the doctrine of partial performance as applied to the
statute of frauds, an oral contract for the purchase of real property is
enforceable if the purchaser: (1) pays the consideration; (2) takes
possession of the property; and (3) makes permanent and valuable
improvements on the property with the consent of the seller, or,
without such improvements, other facts are shown that would make
the transaction a fraud on the purchaser if the oral contract were not
enforced. Boyert v. Tauber, 834 S.W.2d 60, 63 (Tex. 1992); Nagle v.
Nagle, 633 S.W.2d 796, 799 (Tex. 1982); Hooks v. Bridgewater, 111
Tex. 122, 229 S.W. 1114, 1116-17 (1921); Fluellen v. Young, 664
S.W.2d 776, 781 (Tex. App.--Corpus Christi 1983, no writ).

 Treneer established in his summary judgment evidence that he
gave consideration and made valuable improvements to the property,
but the record contains no proof that he ever possessed the property. 
In fact, Treneer admits in his pleadings and in his summary judgment
affidavit that he entered the property with Reynolds' consent to make
the improvements in furtherance of their joint tennis club venture. 
Because Treneer failed to present any evidence on an essential element
of his breach of contract claim, on which he would have the burden of
proof at trial, we hold that the granting of Reynolds' motion for
summary judgment as to this cause of action was proper.

D. Treneer's Claim for Fraud


 Reynolds asserts that the statute of frauds also bars Treneer's
action for fraud. Application of the statute of frauds to a contract
vitiates a fraud claim based on the same facts. J. Parra e Hijos S.A. de
C.V. v. Barroso, 960 S.W.2d 161, 169 (Tex. App.--Corpus Christi 1997,
no writ); Collins v. Allied Pharmacy Management, Inc., 871 S.W.2d 929,
937 (Tex. App.--Houston [14th Dist.] 1994, no writ). Texas law
disfavors allowing litigants to bypass the statute of frauds by pleading
other causes of action. Zaremba v. Cliburn, 949 S.W.2d 822, 825 (Tex.
App.--Fort Worth 1997, writ denied). A plaintiff should not be
permitted to do indirectly what is directly forbidden by statute. Id. 
Therefore, the statute of frauds bars fraud claims arising out of the
unenforceable promise, unless the fraud prevents the necessary writing. 
Nagle, 633 S.W.2d at 800; Weakly, 900 S.W.2d at 758; Keriotis v.
Lombardo Rental Trust, 607 S.W.2d 44, 46 (Tex. Civ. App.--Beaumont
1980, writ ref'd n.r.e.). That did not occur here.

 Treneer alleges fraud because Reynolds allegedly promised to
convey the land, knowing at the time the promise was made that he
was not going to do it. The essence of Treneer's fraud claim is
Reynolds' oral promise to convey the realty. See Weakly, 900 S.W.2d
at 758. Because the alleged fraud did not prevent the necessary
writing, we conclude Treneer's fraud action is barred as a matter of
law. Accordingly, we hold the granting of Reynolds' motion for
summary judgment as to this cause of action was proper.

E. Treneer's Claim for Quantum Meruit


 The statute of frauds is no bar to an action for quantum meruit. 
Campbell v. Northwestern Nat'l Life Ins. Co., 573 S.W.2d 496, 498 (Tex.
1978); Prowse v. Schellhase, 838 S.W.2d 787, 790 (Tex. App.--Corpus
Christi 1992, no pet.). Quantum meruit is an equitable theory of
recovery which is based on an implied agreement to pay for benefits
received. Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d
39, 41 (Tex. 1992); Salazar v. Coastal Corp., 928 S.W.2d 162, 169 (Tex.
App.--Houston [14th Dist.] 1996, no pet.). To recover under quantum
meruit, a plaintiff must establish that: (1) valuable services and/or
materials were furnished, (2) to the party sought to be charged, (3)
which were accepted by the party sought to be charged, and (4) under
such circumstances as reasonably notified the recipient that the
plaintiff, in performing, expected to be paid by the recipient. Vortt
Exploration Co. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex.
1990); Bashara v. Baptist Mem'l Hosp. Sys., 685 S.W.2d 307, 310
(Tex. 1985); PIC Realty Corp., v. Southfields Farms. Inc., 832 S.W.2d
610, 613, (Tex. App.--Corpus Christi 1992, no writ).

 By asserting his quantum meruit claim against Reynolds,
individually, on the basis that the corporation was Reynolds' alter ego,
Treneer essentially admitted he performed the alleged services for the
corporation. An individual is responsible for the liabilities of a
corporation that is his alter ego. Equinox Enterprises, Inc. v. Associated
Media Inc., 730 S.W.2d 872, 878 (Tex. App.--Dallas 1987, no writ). 
Under the alter ego theory, courts disregard the corporate entity when
there exists such unity between corporation and individual that the
corporation ceases to be separate and when holding only the
corporation liable would promote injustice. Mancorp, Inc. v. Culpepper,
802 S.W.2d 226, 228 (Tex. 1990) (superseded by Tex. Bus. Corp. Act
Ann. art. 2.21A (Vernon Supp. 2000) to the extent that failure to follow
corporate formalities is no longer alter ego theory evidence); Castleberry
v. Branscum, 721 S.W.2d 270, 272 (Tex. 1986)(superseded by Tex. Bus.
Corp. Act Ann. art. 2.21A (Vernon Supp. 2000) to the extent that
failure to follow corporate formalities is no longer alter ego theory
evidence); Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 102
(1939). 

 Reynolds asserts that the doctrine of alter ego is not available to
a corporate insider such as Treneer. In order for the doctrine of alter
ego to apply, there must be an attempted use of a corporate vehicle in
a fraudulent manner which would ordinarily defraud an unsuspecting
or good faith third party. Where a party knows of the relationship
between a corporation and its shareholder and chooses freely and
voluntarily to deal with them in their respective capacities, he is
estopped from invoking the theory of alter ego. Gensco, Inc. v. Canco
Equipment, Inc., 737 S.W.2d 345, 348 (Tex. App.--Amarillo 1987, no
writ); Paine v. Carter, 469 S.W.2d 822, 827 (Tex. Civ. App.--Houston
[1st Dist.] 1971, writ ref'd n.r.e.); Minchen v. Van Trease, 425 S.W.2d
435, 438 (Tex. Civ. App.--Houston [14th Dist.] 1968, writ ref'd n.r.e.); 
Atomic Fuel Extraction Corp. v. Slick's Estate, 386 S.W.2d 180, 190-91
(Tex. Civ. App.--San Antonio 1964, writ ref'd n.r.e.). Courts will not
disregard the corporate fiction and hold individual officers, directors or
stockholders liable on the obligations of a corporation, except where it
appears that the individuals are using the corporate entity as a sham to
perpetuate a fraud, to evade an existing legal obligation, to achieve or
perpetuate a monopoly, to protect a crime, to justify a wrong, to avoid
the effect of a statute, or when one corporation exists as a mere tool or
business conduit of another corporation. Torregrossa v. Szelc, 603
S.W.2d 803, 804 (Tex. 1980); Bell Oil & Gas Co. v. Allied Chemical Co.,
431 S.W.2d 336, 340 (Tex. 1968) (citations omitted); Paine, 469 S.W.2d
at 827-28. While each case involving disregard of the corporate entity
must rest upon its own facts, the courts generally require evidence of
one or more of the following factual situations: (1) the corporate entity
amounts to a fraud, promotes injustice, or is relied upon to justify a
wrong; (2) the corporation was inadequately capitalized; or (3) an
individual controls and manages the entity in such a manner that it
becomes his alter ego. Wheat v. Delacourt, 708 S.W.2d 897, 899 (Tex.
App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.)(superseded by Tex.
Bus. Corp. Act. Ann. art. 2.21A (Vernon Supp. 2000) to the extent that
failure to follow corporate formalities is no longer alter ego theory
evidence). Unless there are compelling reasons for disregard of the
corporate entity, it will be upheld. Minchen, 425 S.W.2d at 438.

 Here, there is summary judgment evidence that supports
Reynolds' affirmative defense of estoppel. Treneer was an officer and
a stockholder of the corporation. Treneer's own evidence shows he
knew Reynolds' relationship with the corporation and chose to deal
with him anyway. Thus, the burden shifted to Treneer to produce
evidence negating at least one of the elements of Reynolds' affirmative
defense. After reviewing the record, we conclude that Treneer failed to
produce such evidence. We hold the granting of Reynolds' motion for
summary judgment as to this cause of action was proper.

F. Treneer's Claim for Unjust Enrichment


 Unjust enrichment is an equitable principle that generally
characterizes the situation when one party receives benefits under an
implied or quasi-contract, but fails to pay for them or to make
restitution, so that it would be unjust to retain benefits for which it had
not paid. PIC Realty Corp., 832 S.W.2d at 613; City of Corpus Christi
v. S.S. Smith & Sons Masonry, Inc., 736 S.W.2d 247, 250 (Tex.
App.--Corpus Christi 1987, writ denied). Unjust enrichment is a
principle upon which quantum meruit is founded. Vortt Exploration,
787 S.W.2d at 944; Truly v. Austin, 744 S.W.2d 934, 938 (Tex. 1988);
Bashara, 685 S.W.2d at 310; Davis v. McQueen, 842 S.W.2d 376, 387
(Tex. App.--Beaumont 1992, writ denied). Unjust enrichment does not
provide an independent basis for a cause of action. PIC Realty Corp.,
832 S.W.2d at 614; S.S. Smith & Sons, 736 S.W.2d at 250. In fact,
unjust enrichment has been considered by some courts to be
synonymous with quantum meruit recovery. S.S. Smith & Sons, 736
S.W.2d at 250; Berger Engineering Co. v. Village Casuals, Inc., 576
S.W.2d 649, 652 (Tex. Civ. App.--Beaumont 1978, no writ).

 We conclude that unjust enrichment is not a separate cause of
action from quantum meruit. Therefore, we hold the granting of
Reynolds' motion for summary judgment as to this claim was proper. 
We overrule Treneer's first and second issues.

 We affirm the trial court's order granting Reynolds' motion for
summary judgment.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. Treneer alleged causes of action for breach of contract, fraud, unjust
enrichment, and quantum meruit.