Peter S. **WEAKLY** and Linda Jane Weakly, Appellants,

v.

Robert **EAST** and Jeannette Holloway, Appellees.

No. 13–94–053–CV.

Court of Appeals of Texas, Corpus Christi.

March 2, 1995.

Rehearing Overruled May 25, 1995.

---

William Robert Anderson, III, Sorrell, Anderson & Lehrman, Corpus Christi, Ward H. Thomas, Jr., Sorrell, Anderson, Lehrman & Wanner, Corpus Christi, for appellants.

Russell H. McMains, Corpus Christi, J. G. Adami, Jr., Robert J. McGuire, Warburton, Adami, McNeill, Paisley & McGuire, Alice, for appellees.

Before DORSEY, YAÑEZ, and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Peter and Jane Weakly appeal the granting of summary judgment in favor of Robert East and Jeanette Holloway in the Weaklys' suit alleging various torts arising out of a failed land sale. We affirm.

### Background Facts

The Weaklys owned a ranch in Kleberg and Kennedy counties in 1989. At that time the Weaklys were deeply in debt, owing between $6.3 and $7.2 million to various creditors. Their ranch was to be posted for foreclosure the first Tuesday in April 1989 by the Federal Land Bank which held a mortgage in excess of $2 million. The Weaklys had obtained a postponement of an earlier foreclosure because of their negotiations with Lee Bass to buy the properties. Bass had requested the delay to allow the parties to complete their negotiations. He wrote a letter to the Federal Land Bank indicating that they were negotiating for the property to be purchased at a price between $5 and $6.3 million depending on the quantity of property, cattle, equipment, and the mineral interests to be conveyed.

On March 15, 1989, the Weaklys met East for the first time. East and his accountant, Holloway, came to the ranch at Jane Weakly's sister's invitation. The Weaklys contend that as a result of a several hour meeting that day, East agreed to buy their property for $6.3 million. East denies that there was an agreement on that date but that he was interested in the property and began making inquiries, through his accountant and attorney to determine whether to buy the property. At the end of the meeting, the Weaklys were to gather various title and lien documents and provide that information to Holloway. Paul Pearson, East's attorney, was to begin the title work. All were aware that the property was scheduled for foreclosure the first week of April, two weeks away. During those two weeks, Holloway met with the Weaklys several times. The final meeting occurred the afternoon of Friday March 31, 1989. East made an offer at that time and Pearson suggested that the best way to handle the sale was through bankruptcy proceedings to be filed by the Weaklys. East and his advisors were concerned that title could not be cleared other than through bankruptcy proceedings due to the number and complexity of the indebtedness involving the ranch, the mineral interests, the equipment, and the cattle. The Weaklys rejected East's offer. The following Monday they filed bankruptcy.

Appellants sued East and Holloway alleging breach of oral contract, fraud, civil conspiracy, tortious interference with business relations, and negligent misrepresentation. Appellees obtained summary judgment on all claims and this appeal resulted. By seventeen points of error, appellants claim that

summary judgment should not have been granted.

## Summary Judgment

■ The summary judgment was granted generally; if it can be upheld on any ground asserted in the motion, it will be sustained. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied). Summary judgment for the defendant, which disposes of a plaintiff's entire case, is proper only if the defendant establishes that the plaintiff could not succeed on any of the theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

■ In a summary judgment proceeding, the burden is on the movant to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Evidence favorable to the non-movant will be taken as true; every reasonable inference from the summary judgment evidence will be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Appellees moved for summary judgment on several grounds, among which were the statute of frauds and whether the torts alleged are only a breach of contract action in disguise. First we address the statute of frauds issue.

## Statute of Frauds

■ A contract for the sale of real estate is not enforceable unless it is in writing and signed by the party charged with the promise or agreement. Tex.Bus. & Com.Code Ann. § 26.01 (Vernon 1987); *Rittgers v. Rittgers*, 802 S.W.2d 109, 113 (Tex.App.—Corpus Christi 1990, writ denied). Even if East made an oral contract to buy the Weakly property, that promise could not be enforced nor could the Weaklys recover damages for breach of that unenforceable agreement. *Nagle v. Nagle*, 633 S.W.2d 796, 799 (Tex. 1982); *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921); *Keriotis v. Lombardo Rental Trust*, 607 S.W.2d 44, 46 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.).

### A. Fraud

■ The Weaklys acknowledge that no writing memorializing the purported agreement exists and have abandoned their claims for breach of contract. They now contend that they are not seeking to enforce East's agreement to buy their property but instead are seeking damages resulting from his fraud on them which caused them to abandon other negotiations and resulted in their bankruptcy.

Appellants allege that East never intended to consummate the sale at the $6.3 million agreement, but instead intended to cause them to rely on that agreement until just before the foreclosure sale and then either attempt to buy the property at a significantly lower price, buy the property from the bankruptcy court, or at foreclosure. Under appellants' fraud theory, they seek damages for the difference between what they received for the property sold by the bankruptcy court and what they would have received had they struck a deal with another buyer such as East or Bass.

■ Appellants do not contend that East or Holloway fraudulently represented that no written agreement was necessary or that East refused to sign a written agreement. The statute of frauds bars fraud claims arising out of the unenforceable oral promise unless the fraud prevents the necessary writing. *Nagle*, 633 S.W.2d at 800; *Keriotis*, 607 S.W.2d at 46. That is not the case here.

Appellants claim fraud because East allegedly promised to purchase the ranch knowing at the time the promise was made that he was not going to fulfill it. Nevertheless, the essence of appellants' fraud claim is the oral promise to purchase realty. As such, the statute of frauds bars its enforcement. Summary judgment was proper on these claims.

### B. Civil Conspiracy

■ Appellants allege that there was a civil conspiracy between East and Holloway to deprive them of full value for their property. A civil conspiracy requires two or more

persons who agree upon an object, a meeting of minds on the object to be accomplished, and one or more overt, unlawful acts committed in furtherance of the conspiracy which results in damages. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983); *Bernstein v. Portland Savings & Loan Ass'n,* 850 S.W.2d 694, 705 (Tex.App.—Corpus Christi 1993, writ denied). The only arguably overt unlawful act claimed by appellants is the alleged fraud perpetrated by East and Holloway. The object of the fraud was East's failure to complete the unenforceable contract to buy the land. In order to prove a civil conspiracy, appellants must prove breach of the oral agreement and fraud. Proof of either is within the statute of frauds. Appellants' claim of civil conspiracy is precluded by the statute of frauds because it relies on proof of the oral agreement.

## C. Tortious Interference With Prospective Advantage

Next, appellants allege that East and Holloway interfered with their negotiations with Bass. A claim of tortious interference with prospective advantage requires proof of the following: a reasonable probability that a contract would have been made but for the interference, a willful and intentional act of interference, such intentional interference was the proximate cause of damage, and actual damage. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 939 (Tex.1991) (elements of tortious interference with contract); *Harshberger v. Reliable–Aire, Inc.,* 619 S.W.2d 478, 481 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd w.o.j.) (elements of interference with prospective advantage). The plaintiff must also show that the defendant knew of the actual or prospective contract. *Id.* Appellants contend that East allegedly instructed them to call Bass and tell him that East would buy the property. For summary judgment purposes we assume that East instructed appellants as alleged. This action, like the others, relies on proof that East reneged on his oral promise to buy the Weakly property. Proof of that promise is barred by the statute of frauds. This action must also be barred.

## D. Negligent Misrepresentation

Finally, the Weaklys allege that East made a negligent misrepresentation to their detriment. The commercial tort of negligent misrepresentation requires proof of the following: a misrepresentation made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; the misrepresentation is false and provided for the guidance of others in their business; the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991) (citing RESTATEMENT (SECOND) OF TORTS § 552 (1977)); *Collins v. Allied Pharmacy Management,* 871 S.W.2d 929, 936 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Keriotis,* 607 S.W.2d at 46. Under this theory of liability, East allegedly misrepresented his intent to purchase the property, that intent was falsely communicated to the Weaklys who relied on his stated intent to their detriment. Even if the Weaklys justifiably relied on East's statement that he would purchase their property, they are precluded from proving that East agreed to do so because of the statute of frauds. This tort, like the others, has as its nucleus East's unenforceable oral contract to buy their property. *See Collins,* 871 S.W.2d at 936.

All of appellants claimed bases for recovery are barred as a matter of law by the operation of the statute of frauds. *See Nagle,* 633 S.W.2d at 800; *Collins,* 871 S.W.2d at 936. We overrule all seventeen points of error. Our disposition of this ground renders unnecessary our consideration of appellants' other complaints. TEX.R.APP.P. 90(a).

The JUDGMENT is AFFIRMED.