FLO TREND SYSTEMS, INC., Appellant,

v.

ALLWASTE, INC., and Allwaste Environmental Systems Services, Inc., Appellees.

No. 14–96–00559–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 1, 1997.

Rehearing Overruled June 26, 1997.

Fred A. Simpson, Claude E. Cooke, Lester Lee Heewitt, Houston, for appellant.

Thomas V. Erdos, Missouri City, John C. Juravich, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Flo Trend Systems, Inc. (Flo Trend) appeals from a take nothing judgment in a suit against appellees (Allwaste) for fraudulent misrepresentation. In seven points of error, appellant contends: (1) the trial court erred in denying Flo Trend the right to amend its pleadings, (2) the trial court erred in denying Flo Trend the right to plead two theories of recovery, (3) the trial court erred in directing a verdict on three of Flo Trend's claims, and (4) the trial court erred in responding to a question from the jury during deliberations. We affirm.

Flo Trend had a written contract with Soil and Tank Remediation Services, Inc. (STRS) to provide equipment and services to STRS for a soil washing project to remove jet fuel from soil at Ryder Carter Field in Fort Worth. Allwaste and STRS had a contract whereby Allwaste provided financing to STRS for the job. STRS finished the job and lost money. Allwaste sued STRS and its officers on notes Allwaste held for funds advanced to STRS and its officers. Allwaste also sued Flo Trend for a declaratory judgment that Flo Trend was not a third party beneficiary of Allwaste's loan agreement with STRS. Flo Trend filed its original counterclaim against Allwaste alleging Allwaste's liability for its expenses because of fraudulent misrepresentations at a meeting of STRS, Flo Trend and Allwaste. Flo Trend alleged Allwaste fraudulently misrepresented to Flo Trend that payments for Flo Trend's services to STRS would be made to STRS by Allwaste. Flo Trend further alleged it was a third party beneficiary to the contract between Allwaste and STRS because Flo Trend performed the soil washing services under the contract between Allwaste and STRS and incurred actual expenses in the performance of this job. Flo Trend further alleged Allwaste tortiously interfered with Flo Trend's contract with STRS by diverting funds due to Flo Trend to Allwaste. Trial was set for November 27, 1995, by the trial court's scheduling order. Flo Trend filed an amended pleading on November 20, 1995, alleging three additional claims against Allwaste on the theories of promissory estoppel, negligent misrepresentation, and single business enterprise. Allwaste's motion to strike Flo Trend's amended pleading alleged the pleading was untimely filed within seven days of trial pursuant to rule 63, Texas Rules of Civil Procedure, without leave of the court, and caused surprise to Allwaste. Allwaste's motion to strike further alleged Flo Trend did not have good cause to file the untimely pleadings alleging new theories of recovery. The trial court granted Allwaste's motion to strike, in part, and struck the allegations of single business enterprise and promissory estoppel but not the allegation of negligent misrepresentation. At the conclusion of the evidence, the trial court granted an instruct-

ed verdict on Flo Trend's claim of negligent misrepresentation, oral contract and written contract. The trial court permitted only a jury question on fraudulent misrepresentation which was answered unfavorably to Flo Trend and the trial court entered judgment on the jury verdict granting a take nothing judgment in favor of Allwaste.

■ In point of error one, appellant contends the trial court erred in denying Flo Trend the right to amend its pleadings. Appellant argues its amended pleadings were timely filed and did not require leave of the court under the holding in *Sosa v. Central Pow. & Light,* 909 S.W.2d 893, 895 (Tex. 1995).

Under *Sosa,* Flo Trend's amended pleadings were timely filed and leave of the trial court was not necessary. *Id.* The amended pleading was filed November 20, 1995, exactly one week before the scheduled trial. When rule 4, Texas Rules of Civil Procedure, is applied, the day on which Flo Trend filed its amended pleading is not counted but the seventh day after it was filed is counted. This latter day is November 27, 1995, the scheduled trial date. *See Sosa,* 909 S.W.2d at 895.

However, the order of the trial court striking part of appellant's pleadings does not indicate the reason for sustaining Allwaste's motion to strike. Allwaste's motion to strike alleged both untimeliness and surprise. Allwaste's motion to strike alleged as surprise that the new theories presented would necessitate additional research, new witnesses, and the gathering of more evidence for which it was not prepared. Allwaste's motion to strike alleges Flo Trend could have asserted these new theories in its pleadings at an earlier date and the amended pleadings were "calculated to cause surprise and achieved such purpose."

At the hearing on Allwaste's motion to strike, the trial court found that allowing the amendments would make "a much more complicated case" and that such a "sudden change" would not be fair to Allwaste. The trial court struck the new causes of action with the exception of negligent misrepresentation.

A trial court has no discretion to refuse an amendment to pleadings unless the opposing party presents evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Id.* However, the trial court may conclude that the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the case. *Id.* at 940.

Flo Trend's amended pleading added three new theories of recovery to its original claim of fraudulent misrepresentation: (1) the single enterprise theory (contending Allwaste and STRS acted together for a common business purpose), (2) promissory estoppel (reliance by Flo Trend on the promise of Allwaste to reimburse STRS), and (3) negligent misrepresentation (alleging Allwaste supplied false information causing a loss to Flo Trend). The trial court found these new theories of liability would reshape the present case, prejudicing Allwaste and unnecessarily delay the trial. The trial court accordingly struck two new claims leaving only negligent misrepresentation in the amended pleading.

At oral argument, appellant claimed the recent case of *Beneficial Personnel Services v. Rey*, 927 S.W.2d 157 (Tex.App.—El Paso 1996), *vacated and remanded per settlement agreement*, 938 S.W.2d 717 (Tex.1997), applies to this fact situation. The judgment of the court of appeals in the latter case was vacated by the Texas Supreme Court and remanded to the court of appeals in accordance with the settlement agreement of the parties and is not authority for appellant's proposition. Furthermore, in the latter case the plaintiff alleged that the defendants, BPS and BSI, were the same company, and referred to both defendants as one throughout his pleadings; the trial court, *under these circumstances,* allowed the trial amendment to add a single business enterprise theory of liability because there was no surprise.

There was no such allegation in this case and Flo Trend had pleaded Allwaste and STRS as *separate* companies until it filed its amended pleading alleging they should be considered one under the "single enterprise" theory. Allwaste argued at the hearing that this new theory of alleged liability would necessitate new witnesses, more depositions, new pleadings and it was a complete and prejudicial surprise that Allwaste could have avoided by pleading this theory earlier in the case. The trial court agreed with Allwaste and struck two theories of liability as being prejudicial to Allwaste. We find the trial court did not abuse its discretion in striking part of Flo Trend's amended pleadings on the grounds of surprise and delay of trial. Appellant's point of error one is overruled.

In point of error two, appellant contends the trial court erred in denying Flo Trend the right to amend its pleadings to add promissory estoppel. Appellant argues promissory estoppel was raised by the evidence and the trial court should have allowed the amendment. As stated in this opinion, the trial court found promissory estoppel to be one of the three new theories of liability that would reshape this present case, prejudicing Allwaste and causing unnecessary delay. Under *Greenhalgh*, 787 S.W.2d at 939, the trial court could conclude that the amendment is on its face was calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the case. *Id.* We find the trial court did not abuse its discretion by striking the amended pleading as to promissory estoppel. Appellant's point of error two is overruled.

In point of error three, appellant contends the trial court erred in denying Flo Trend the right to plead single business enterprise theory. Appellant argues the trial court erroneously struck the new theory because he perceived the theory to be a form of "piercing the corporate veil." The record of the hearing on the motion to strike the amended pleadings of Flo Trend reflects that Flo Trend's counsel responded to the court's question, "and what is this single enterprise theory?" by stating: "It's just like piercing the corporate veil under another name.

Where two companies begin to operate as one, interchanging employees and the like." Then, the following exchange of questions and answers took place:

THE COURT: "Do you have something recent that says this can be used instead of piercing the corporate veil?"

MR. COOKE: Yes, sir. Yes.

MR. HEWITT: Yes, we do.

THE COURT: Let me see it.

MR. COOKE: It's in our jury instructions. The two cases.

MR. HEWITT: 1992.

THE COURT: Well, this is just piercing the corporate veil.

MR. SPEAKER: It's just—

MR. SPEAKER: That's right.

MR. SPEAKER: It's just another name.

The record does not reflect the trial court incorrectly assumed Flo Trend wished to add an "alter ego" theory instead of "single enterprise" theory. The record indicates both the court and Flo Trend referred to "single business enterprise" theory as "alter ego" or "piercing the corporate veil" and Flo Trend initiated the matter by advising the court that single enterprise was "just like piercing the corporate veil under another name." The court's reasons for striking the amended pleadings was a "sudden change" to a new theory of liability "that would not be fair" to Allwaste. In short, the court found the new theories would be prejudicial to Allwaste and would unnecessarily delay the trial which are proper grounds for striking an amended pleading under *Greenhalgh*, as stated above. We find the trial court did not abuse its discretion in striking the theory of single business enterprise from appellant's amended pleadings. Appellant's point of error three is overruled.

■ In point of error four, appellant contends the trial court erred in directing a verdict on negligent misrepresentation. Appellant argues the evidence raised a claim of negligent misrepresentation.

The commercial tort of negligent misrepresentation requires proof of the following: a misrepresentation made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; the misrepresentation is false and provided for the guidance of others in their business; the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991) (Citing RESTATEMENT (SECOND) OF TORTS § 552 (1977)); *Collins v. Allied Pharmacy Management*, 871 S.W.2d 929, 936 (Tex.App.— Houston [14th Dist.] 1994, no writ). Under this theory of liability, Allwaste (through Mr. Dubrof at the meeting of Allwaste, Flo Trend and STRS) allegedly misrepresented its intent to finance STRS, and Allwaste negligently communicated "false information" to Flo Trend who relied on Dubrof's stated intentions to its detriment.

■ An instructed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to judgment. *Edlund v. Bounds*, 842 S.W.2d 719, 724 (Tex.App.—Dallas 1992, writ denied). In this case, Allwaste made an oral motion on the record for a directed verdict as to negligent misrepresentation on the grounds that "the statute of frauds cannot be circumvented by taking [sic] what is otherwise an oral contract case." Appellees cited *Barbouti v. Munden*, 866 S.W.2d 288, 293 (Tex.App.— Houston [14th Dist.], writ denied) as authority. The trial court granted the motion not specifying the grounds.

The appellant has the burden of showing that the instructed verdict could not be supported on any of the grounds set out in appellees' motion. *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964). It is appellant's burden in this case to address the contention in appellees' motion for instructed verdict and show why the contention cannot serve as a basis for the granting of such motion. *Gwynn v. Corpus Christi Bank & Trust*, 589 S.W.2d 764, 770 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd).

■ In *Barbouti*, 866 S.W.2d at 293, this court stated: "Where the essence of the action is in substance one for breach of con-

tract, the action sounds in contract." *Id.* The nature of the plaintiff's loss should be examined to determine if the recovery sought for the fraud claim is on a tort theory or contract theory. *Id.* at 294. Here, Flo Trend sought contract damages in a sum equal to the amount owing to Flo Trend by STRS on its contract with Flo Trend for services rendered on the job. "Where a plaintiff is seeking to recover what he would have gained had the promise been performed, the action is one for breach of contract." *Id.* We find Flo Trend's action was for breach of contract.

Having found Flo Trend's action sounds in contract, we now consider if it was within the statute of frauds. Section 26.01, Texas Business and Commerce Code, provides in pertinent part:

(a) A promise or agreement described in subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

(2) a promise by one person to answer for the debt, default, or miscarriage of another person; . . .

■ Whether a contract falls within the statute of frauds is a question of law. *Barbouti*, 866 S.W.2d at 294. During the trial the attorney for appellant told the trial judge, "However, the reason the statute of frauds does not apply is because of what is called the leading object rule." The trial judge corrected the appellant's attorney stating: "Main purpose rule." The trial judge then told appellant's attorney the "main purpose rule" did not apply because appellant produced no evidence whatsoever that Allwaste intended to be primarily liable for the expenses incurred by Flo Trend. The attorney for appellant then *admitted:* "There will be no evidence that they agreed to pay us directly." The trial judge then stated: "That's going to be a problem with the main purpose doctrine."

■ In applying the main purpose doctrine, so as to except an oral guaranty from the statute of frauds, the court must look to the consideration that was received for the promise and determine: (a) whether the promisor obtained, as part of that consideration, a benefit accruing directly to him personally; and (b) if so, whether the obtaining of that benefit was his main purpose for making the promise. *Haas Drilling Co. v. First Nat'l Bank in Dallas*, 456 S.W.2d 886, 891 (Tex.1970). The *Haas* court, quoting from *Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378, 382 (1962), stated:

In determining whether a promise to pay the debt of another is within or without the Statute of Frauds, one test devised by the courts is whether the promisor, by his promise, is a *surety* and is therefore secondarily liable, or whether he has accepted *primary responsibility* for the debt of another. By this test if an oral promise creates the relationship of surety and principal between the promisor and the original debtor, and if the fact is known to the creditor-promisee, it is within the Statute and is therefore unenforceable. An oral promise creating *primary responsibility* in the promisor to the creditor-promisee is without the Statute and is therefore enforceable (alteration in original).

*Id.* at 890.

In this case, appellant *admitted* there was no evidence of primary responsibility of Allwaste to pay Flo Trend directly. The only evidence presented was Allwaste would reimburse SRTS for expenses due Flo Trend. We find the oral guaranty of Allwaste to reimburse SRTS for its expenses due to Flo Trend was within the statute of frauds requiring a written contract to enforce the promise to pay the debt of another.

In a case similar to this one (involving tort claims arising from an unenforceable contract claim), *Weakly v. East*, 900 S.W.2d 755 (Tex.App.—Corpus Christi 1995, writ denied), the vendors of real property sued a prospective purchaser of their property and the purchaser's accountant for their alleged breach of an oral contract to purchase real estate, fraud, civil conspiracy, tortious interference, and negligent misrepresentation.

The court of appeals found the claim for negligent misrepresentation had as "its nucleus" an unenforceable oral promise to buy the vendors' property barred by the statute of frauds. TEX.BUS & COM.CODE ANN. § 26.01 (Vernon 1987). *Id.* at 759. A contract for the sale of real estate is not enforceable unless it is in writing and signed by the party charged with the promise or agreement under section 26.01(b)(4), Texas Business and Commerce Code. In *Weakly,* the court of appeals further held *all* of the vendor's tort claims were barred as a matter of law by the operation of the statute of frauds because all of the tort claims relied on proof of an alleged oral agreement by the prospective purchasers *to* buy the vendors' land which was barred by the statute of frauds. *Weakly,* 900 S.W.2d at 759. Likewise, we find appellant's negligent misrepresentation claims were barred as a matter of law because the claim relied on proof of an alleged oral agreement to answer the debt of another which was barred by the statute of frauds. We overrule appellant's point of error four.

In points of error five and six, appellant contends the trial court erred in directing a verdict on appellant's oral and written contract issues. Appellant cites no authority in support of this point and his argument is conclusory. Appellant has waived these points of error. TEX.R.APP.P. 74(f); *Hunter v. NCNB Texas Nat. Bank,* 857 S.W.2d 722, 725 (Tex.App.—Houston [14th Dist.] 1993, writ denied). We overrule appellant's points of error five and six.

▮ In point of error seven, appellant contends the trial judge erred in his response to a jury question sent to him during jury deliberations. The question sent was: "Is an act or omission, failure to disclose, considered a fraud or a misrepresentation?" The trial judge wrote "no" on the questionnaire and sent it back to the jury. Appellant argues the judge should have instructed the jury on the failure to disclose material matters as being fraudulent misrepresentation by All-waste.

▮ Appellant did not request an instruction *on failure to disclose, did not submit a* proposed charge, nor did it object to the court's charge. To preserve error in the charge, the party must make objections to the defective submissions in the court's charge or submit requests for additional questions, definitions or instructions that are omitted from the charge. TEX.R.CIV.P. 272–274; *Biggs v. First Nat. Bank of Lubbock,* 808 S.W.2d 232, 236–37 (Tex.App.—El Paso 1991, writ denied). Where the record shows no objection to the charge nor the request of appropriate instructions and questions, any error in the form or substance of the charge as given was waived. *Id.* at 237. Appellant's point of error seven is overruled.

▮ In an unassigned point of error, appellant asks this court to consider "some type of appropriate relief for Flo Trend" because of bias on the part of the trial judge. Specifically, appellant complains of the trial judge's statement made to appellant's counsel out of the presence of the jury, to wit:

> We're going to try this case. If you win we're going to declare a new trial and we're going to keep trying it until you lose, because I am not going to be treated like this with a witness that comes up with new stuff.

The trial judge expressed "shock" over perceived perjury on the part of Flo Trend's president, Ron Lantz. None of these remarks were made in the presence of the jury and appellant does not demonstrate that the judge's attitude in any manner affected the outcome of the trial. Our review of the record reveals no discernible bias or any suggestion to the jury that the trial court desired a particular result or that it favored appellee. *See Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 366 (Tex. 1987). Appellant's request for "some type of appropriate relief" is denied and the judgment of the trial court is affirmed.

EDELMAN, J., concurs in the result only.