**FEDERAL PETROLEUM COMPANY,**
Appellant,

v.

**GAS EQUIPMENT COMPANY,**
Appellee.

No. 13–00–731–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 24, 2003.

Jeff Murphrey, Houston, for appellant.

Jacqueline M. Stroh, Crofts & Callaway, Ricardo R. Reyna, San Antonio, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

This appeal arose out of products-liability litigation filed as a result of a gas explosion in 1997 in Brownsville, Texas. The product was manufactured by Fratelli Pettinaroli, S.P.A. ("the manufacturer"). Gas Equipment Company ("GEC"), appellee, supplied the product to Federal Petroleum Company ("Federal"), appellant, which sold and installed the product. In two issues in a case of first impression, Federal asserts: (1) an implied or common-law right of indemnity from GEC; and (2) error in the trial court's granting of GEC's motion for summary judgment and denial of Federal's motion for summary judgment on Federal's indemnity claim. We affirm.

## I. RELEVANT PROCEDURAL HISTORY

In multiple original petitions and petitions in intervention, a number of parties (collectively, the "plaintiffs") sued GEC, Federal, the manufacturer, and others (collectively, the "defendants"). Federal cross-claimed against GEC, the manufacturer, and the other defendants for contribution and indemnity. On May 19, 1999, GEC answered Federal's cross-claim, cross-claimed against Federal and the other defendants for contribution and indemnity, and moved for summary judgment on Federal's cross-claim. Meanwhile, Federal and the other defendants (except GEC) settled with the plaintiffs, resulting in nonsuits of the plaintiffs' claims. The court's docket sheet reflects that cross-claims against one of the other defendants and against the manufacturer were severed and that a notice of removal was filed. On April 10, 2000, GEC filed another motion for summary judgment as to Federal's cross-claim. Federal responded to GEC's motion for summary judgment on April 27, 2000.

On May 7, 2000, counsel for GEC and Federal entered into a rule 11 agreement[1] (the "Rule 11 Agreement") regarding the procedural posture in which Federal's indemnity claim against GEC would be presented to the court in the event either the plaintiffs obtained a verdict against GEC in the pending jury trial or GEC settled with the plaintiffs. On May 9, 2000, GEC announced to the court that it had settled with the plaintiffs. On June 2 and 6, 2000, GEC filed amended motions for summary judgment as to Federal's cross-claim for contribution and indemnity. On June 26, 2000, Federal again responded to GEC's

---

1. Tex.R. Civ. P. 11.

motion, incorporating its April 27, 2000 response by reference, and filed its own motion for summary judgment on its indemnity claim against GEC. The plaintiffs nonsuited GEC on August 24, 2000. Consequently, as a result of settlements, nonsuits, severances, and removal, only the cross-claims between GEC and Federal remained.[2] On August 30, 2000, the trial court signed an order granting GEC's amended motion for summary judgment that recited:

> Pending before the Court is Defendant Gas Equipment Co., Inc.'s Amended Motion for Summary Judgment as to Cross–Claim by Federal Petroleum Company. After considering the motion, responses, if any, authorities, and arguments of counsel, the Court is of the opinion that the motion should be granted. It is, therefore, ORDERED that Defendant Gas Equipment Co., Inc.'s Amended Motion for Summary Judgment as to Cross–Claim by Federal Petroleum Company should be and is hereby GRANTED. All relief not expressly granted herein is denied.

On September 9, 2000, the trial court signed a "Final Take Nothing Judgment" that read as follows:

> On the 30th day of August 2000, this court signed an Order Granting Defendant Gas Equipment Company, Inc.'s Amended Motion for Summary Judgment as to the indemnity claims by Federal Petroleum Company.

> Having dismissed by summary judgment the indemnity claims by Federal Petroleum Company against Gas Equipment Company;

> It is therefore, ORDERED, ADJUDGED and DECREED that Federal Petroleum Company take nothing from Gas Equipment Company.

> All relief not expressly granted herein is Denied.[3]

## II. THE SUMMARY JUDGMENT GROUNDS

Both parties brought traditional motions for summary judgment. *See* TEX.R. CIV. P. 166a(c). In its amended motion for summary judgment filed June 6, 2000, GEC asserted: (1) Federal was not entitled to contribution because it had settled with the plaintiffs; (2) Federal and GEC were not parties to any contractual indemnity provision; (3) statutory indemnity under section 82.002 of the civil practice and remedies code[4] is only available against manufacturers and not distributors such as GEC; (4) statutory indemnity under section 82.002 is available only to harmless sellers and not negligent sellers such as Federal; (5) statutory indemnity under section 82.002 is not available for the negligence claims made against Federal by the plaintiffs independent of their products-liability claims; and (6) common-law indemnity, like statutory indemnity under section 82.002, applies only to vicarious liability claims by innocent retailers against manufacturers and is not available

**2.** We note that the majority of the pleadings of the other parties are not in the record, nor are the orders of nonsuit or severance or the notice of removal. However, the parties agree, and the court's docket sheet appears to confirm, that no other claims were pending before the court at the time summary judgment was entered.

**3.** The parties have not raised any issue with regard to the finality of the judgment in dis-

posing of GEC's cross-claim against Federal. The judgment states "clearly and unequivocally" that it is final. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 204 (Tex.2001). Accordingly, we determine that it disposes of all pending claims and invokes our jurisdiction.

**4.** TEX. CIV. PRAC. & REM.CODE ANN. § 82.002 (Vernon 1997).

to Federal, as a negligent retailer, against GEC, as a supplier, for the plaintiffs' negligence claims independent of their products-liability claims.

In its responses and cross-motion for summary judgment filed April 27 and June 26, 2000, Federal did not claim it was entitled to contribution or that any contractual indemnity provision controlled the relationship of the parties. Federal did assert, however, that: (1) Federal was entitled to statutory indemnity from GEC under section 82.002; (2) the terms of the Rule 11 Agreement provided that Federal had obtained all findings of fact necessary to recover indemnity when GEC settled with the plaintiffs; (3) Federal, as an innocent retailer, was entitled to common-law indemnity from GEC as an "upstream supplier"; (4) any fact findings required with regard to whether Federal was an innocent retailer were supplied by the parties' stipulations in the Rule 11 Agreement; and (5) even without the stipulations, undisputed evidence proved Federal was an innocent retailer.

### III. STANDARD OF REVIEW: CROSS–MOTIONS FOR SUMMARY JUDGMENT

■ We review the grant of a traditional summary judgment de novo. *Alejandro v. Bell,* 84 S.W.3d 383, 390 (Tex. App.-Corpus Christi 2002, no pet.). The function of summary judgment is not to deprive litigants of the right to a jury trial but to eliminate patently unmeritorious claims and defenses. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 n. 5 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). When presented with cross-motions for summary judgment, we review the summary judgment evidence presented by both sides, determine all questions presented, and, if

we reverse, render the judgment the trial court should have rendered. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (orig. proceeding) (per curiam).

■ In the present case, the trial court did not specify the grounds on which the summary judgment was granted. If a summary judgment order does not specify the ground or grounds on which the court relied, we will uphold the ruling if any of the grounds in the summary judgment motion is meritorious. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex.1999); *Weakly v. East,* 900 S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ denied).

### IV. THE ISSUES ON APPEAL

Federal did not claim during the summary judgment proceedings that it was entitled to contribution or that any contractual indemnity provision controlled the relationship of the parties. In its appeal brief, Federal concedes that a settling tortfeasor does not have a right to contribution from other alleged tortfeasors. *See Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 21 (Tex.1987). Further, Federal does not raise an issue on appeal that it is entitled to indemnity from GEC under section 82.002 of the civil practice and remedies code.[5] Rather, on appeal Federal focuses on two issues: (1) Federal's right as an innocent retailer to common-law indemnity from GEC as a supplier but not manufacturer of the product; and (2) if Federal is entitled to common-law indemnity from GEC, the effect of the Rule 11 Agreement on GEC's factual defenses that the claims brought by the plaintiffs against Federal were for negligence rather than for products liability and that Federal did not prove it was an innocent retailer. Because our disposition of the threshold indemnity issue resolves the appeal, we do

---

5. TEX. CIV. PRAC. & REM.CODE ANN. § 82.002 (Vernon 1997).

not reach Federal's remaining issue. *See* Tex.R.App. P. 47.1.

## V. COMMON–LAW INDEMNITY

 Under Texas law, the availability of common-law indemnity is extremely limited. *See Cypress Creek Util. Serv. Co., Inc. v. Muller,* 640 S.W.2d 860, 862 (Tex.1982) (discussing history of statutory abrogation of common-law contribution and indemnity rights). Texas abolished the doctrine of common-law indemnity in negligence cases by adopting a statutory scheme of comparative negligence. *B & B Auto Supply, Sand Pit, & Trucking Co. v. Central Freight Lines, Inc.,* 603 S.W.2d 814, 817 (Tex.1980). The supreme court expressly stated that its holding in *B & B Auto Supply* did not "bar indemnity in cases in which there is a contractual basis for indemnity or cases in which one party's liability is purely vicarious." *Id.* Nonetheless, Federal cites no products-liability case, either before or after *B & B Auto Supply,* and we have found none in Texas, recognizing a retailer's common-law right to indemnity for a manufacturing or design defect from an "upstream" supplier that did not also produce the product in question.

We are aware that a handful of other jurisdictions recognize a common-law right of indemnity by a retailer against a supplier. The New Jersey Supreme Court surveyed the available jurisprudence on the issue in 1989:

> In the present case, we consider the application of the principles underlying strict liability in tort to a claim for common-law indemnification by one distributor against a distributor higher in the chain. Here, the claim is not between two parties, one of which is primarily liable and the other liable only secondarily or vicariously. Both Amtorg and Buck are liable to plaintiff because of their relationship to the product as it proceeded down the chain of distribution. We have not previously considered the issue, and it has received scant attention from commentators and other courts.

*Promaulayko v. Johns Manville Sales Corp.,* 116 N.J. 505, 562 A.2d 202, 205 (1989). The *Promaulayko* court recognized the common-law right of indemnity by a retailer against a supplier, explaining its reasoning as follows:

> In allowing claims for common-law indemnification by one party in the chain of distribution against a party higher up the chain, these courts have proceeded in a manner consistent with the principle of allocating the risk of loss to the party better able to control the risk and to distribute its costs. The approach is consistent also with the principle of focusing on the defective product as it proceeds down the chain of distribution. In general, the effect of requiring the party closest to the original producer to indemnify parties farther down the chain is to shift the risk of loss to the most efficient accident avoider. Passing the cost of the risk up the distributive chain also fulfills, as a general rule, the goal of distributing the risk to the party best able to bear it. The manufacturer to whom the cost is shifted can distribute that cost among all purchasers of its product. Similarly, a wholesale distributor can generally pass the risk among a greater number of potential users than a distributor farther down the chain.

*Promaulayko,* 562 A.2d at 206 (citations omitted). Relying on *Promaulayko,* the Wyoming Supreme Court observed, on questions certified from the United States Court of Appeals for the Tenth Circuit, that:

> [i]ndemnity, under strict liability, permits an allocation of the risk of loss among the parties constituting the chain of distribution to the party best able to

control loss and distribute it. As the head of the product distribution chain, the manufacturer is the party most likely to indemnify as it is best able to "bear the cost of defective products and distribute that cost most equitably throughout society." Typically, a retailer or a seller of a defective product who has paid a judgment seeks indemnity from a distributor or manufacturer, a person higher up the distribution chain.

*Schneider Nat'l, Inc. v. Holland Hitch Co.*, 843 P.2d 561, 581 (Wyo.1992) (citations omitted); *see Texaco, Inc. v. McGrew Lumber Co.*, 117 Ill.App.2d 351, 254 N.E.2d 584, 588 (1969) (affirming seller's right to indemnity from distributor).

The attention this issue has received from commentators and other courts since *Promaulayko* continues to be scant. *See Godoy v. Abamaster of Miami, Inc.*, 302 A.D.2d 57, 754 N.Y.S.2d 301, 307 (N.Y.App.Div.2003) (finding reasoning in *Promaulayko* persuasive). We decline Federal's invitation to establish an indemnity right, never before recognized in Texas, that few jurisdictions have embraced. We hold that the trial court's rulings on the parties' summary judgment motions can be sustained on the ground that Texas law does not recognize a right of common-law indemnity between a retailer and a supplier who did not also produce a defectively designed or manufactured product. *See Bradley*, 990 S.W.2d at 247; *see also Weakly*, 900 S.W.2d at 758. We overrule Federal's first issue.

## VI. CONCLUSION

Having overruled Federal's dispositive issue, we affirm the trial court's order granting GEC's motion for summary judgment.