

# NUMBER 13-11-00015-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

**ROBERTO MORALES GARZA &**
**OSBELIA MIRANDA DE MORALES,**                    **Appellants,**

**v.**

**BRYAN ROBINSON,**                                **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes[1]
### Memorandum Opinion by Justice Perkes

---

[1] The Honorable Rose Vela, former justice of this Court, did not participate in this memorandum opinion because her term of office expired on December 31, 2012.

Appellants Roberto Morales Garza and Osbelia Miranda De Morales (collectively "the Garzas") appeal from the trial court's summary judgment granted in favor of appellee Bryan Robinson ("Robinson"). We conclude Robinson established his entitlement to summary judgment based on his statute-of-frauds affirmative defense. We affirm the trial court's judgment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a conveyance of property to Robinson. In August 2009, the Garzas sued Robinson, alleging that he fraudulently induced them to sell their entire interest in a condominium duplex to him. The Garzas allege that they entered into an oral contract "[o]n or about September 2007," that they would convey to Robinson a joint ownership interest in the "condominium duplex located at 112 East Tarpon Street, South Padre Island, Texas 78597" in exchange for payment and Robinson's promise to redevelop the property.[2]

The Garzas assert the oral agreement would have allowed them to maintain a joint ownership interest in the property. The Garzas assert further that instead of complying with the oral agreement, Robinson deceptively "structured a transaction" which resulted in "documentation that demonstrated [Robinson's] exclusive ownership" of the property, and that Robinson thereafter failed to redevelop the property. The Garzas attached a warranty deed with vendor's lien to their petition. The warranty deed shows that the Garzas conveyed their interest in the property to Robinson for $170,000 on September

---

[2] The warranty deed includes the following description of the property: Lot Eighteen (18), Block Twenty Seven (27), PADRE BEACH SECTION III, Cameron County, Texas, as shown by the map or plat thereof recorded in Volume 14, Pages 32, Map Records of Cameron County, Texas.

17, 2007, and that First National Bank received a lien on the property. The Garzas sued Robinson for fraudulent inducement, breach of contract, civil conspiracy, injunctive relief, and for a declaratory judgment that they owned the property to the exclusion of Robinson.

In June 2010, Robinson filed a "Motion for No Evidence Summary Judgment and Motion for Summary Judgment as a Matter of Law," in which he argued the statute of frauds precluded the Garzas' lawsuit against him. According to Robinson, the Garzas were trying to use an alleged oral agreement to avoid a legitimate, "arms length" real-estate transaction in which the Garzas sold Robinson the property. In support of his summary-judgment motion, Robinson attached numerous documents pertaining to the sale of the property that were signed and/or received at or about the time of closing, including: (1) a notarized warranty deed the Garzas signed; (2) a promissory note between Robinson and First National Bank dated September 17, 2007, showing a $170,000 mortgage on the property; (3) a commitment of title insurance with a policy amount in the sum of $200,000; (4) a settlement statement the parties signed, showing the Garzas as sellers, Robinson as borrower, and First National Bank as lender for a sale of the property, and showing a $200,000 contract sale price, a $30,000 earnest money deposit, and the other financial terms of the transaction; (5) an affidavit as to debts, liens, and claims, which the Garzas signed; (6) a tax letter all of the parties signed; (7) a notarized utility district notice the Garzas signed advising Robinson, as buyer, of his duties to the taxing authority; (8) affidavits of identity identifying the Garzas; and (9) a sales survey regarding the property.

3

The Garzas responded to Robinson's motion for summary judgment and filed Roberto Garza's affidavit in support of their response. In his affidavit, Roberto explained that he entered an agreement to give Robinson and his wife, Leticia Robinson, a 50% interest in the property in exchange for $200,000 and Robinson's promise to "develop" [sic] the property. Roberto stated he signed every document Robinson and his wife asked him to sign based on their representations, but that he never received any payment and the property was not "upkept" or repaired. Roberto also stated he paid Robinson and his wife $23,637.68 by check. Although he stated, "I cannot read or understand the English language," Roberto did not state a language difficulty resulted in his being defrauded.[3] Roberto offered no explanation regarding how he was defrauded.

The trial court granted Robinson's motion for summary judgment, without specifying the basis of its ruling, and this appeal followed.[4]

## II. ISSUES PRESENTED

By two issues, the Garzas argue (1) the no-evidence summary judgment was improper because there was more than a scintilla of evidence that Robinson fraudulently induced them to execute a warranty deed in Robinson's favor; and (2) the traditional summary judgment was improper because there was a material fact issue concerning whether Robinson fraudulently induced them to execute a warranty deed and that the

---

[3] The documents attached to Robinson's summary-judgment motion were written in English.

[4] We note the following procedural background of this appeal. This appeal argued on November 8, 2011. On October 10, 2012, we abated this appeal and remanded it to the trial court so that the trial court could clarify whether its summary judgment was a final judgment that disposed of all claims. On December 3, 2012, a supplemental clerk's record was filed in this appeal containing a clarified final summary judgment that disposed of all parties and claims. This appeal was reinstated in this Court on December 6, 2012.

4

statute of frauds does not preclude the Garzas' fraud evidence. Their alleged fraud evidence solely consists of Roberto's statements included in his affidavit.

### III.    STANDARD OF REVIEW

The standard of review for the granting of a summary-judgment motion depends on whether the motion was brought on no-evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i); *see also Franks v. Roades,* 310 S.W.3d 615, 620 (Tex. App.—Corpus Christi 2010, no pet.). A no-evidence summary-judgment motion should be granted if there is no evidence of at least one essential element of the plaintiff's claim. *See Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003). The burden of producing evidence is entirely on the non-movant; if the non-movant produces evidence to raise a genuine issue of material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i).

To obtain a traditional summary judgment, a movant must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant produces sufficient evidence to establish the right to summary judgment, the non-movant must present evidence sufficient to raise a fact issue. *Centeq Realty, Inc.*, 899 S.W.2d at 197. When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the non-movant, indulge every reasonable inference in

5

favor of the non-movant, and resolve any doubts favor of the non-movant. *City of Keller v. Wilson,* 168 S.W.3d 802, 825 & 827 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

When an order granting summary judgment does not specify the grounds on which summary judgment was granted, a court may uphold the summary judgment on any ground presented in the motion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). If a party moves for a no-evidence summary judgment and a traditional summary judgment, we will first review the trial court's judgment under the no-evidence standard. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). If the appellant fails to produce more than a scintilla of evidence under the no-evidence burden, there is no need to analyze whether appellee's summary-judgment evidence satisfies the traditional rule 166a(c) burden. *Id.*

## IV.    UNCHALLENGED GROUNDS FOR SUMMARY JUDGMENT

The Garzas have not presented any issue or argument in their brief that the trial court erred by granting summary judgment against them on their breach of contract claim, civil-conspiracy claim, request for injunctive relief, and their declaratory judgment action. Rather, their issue and briefing only addresses whether the trial court erred by granting summary judgment against them on their "fraud" claim. Therefore, any challenge to the non-fraud claims is not before this Court. *See* Tex. R. App. P. 38.1(i); *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888 (Tex. App.—Dallas 2011, no pet.) ("If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground."); *see*

*also Weakly v. East*, 900 S.W.2d 755, 758 (Tex. App.—Corpus Christi 1995, writ denied) (explaining that on appeal from summary judgment, "[t]he Weaklys acknowledge that no writing memorializing the purported agreement exists and [they] have abandoned their claims for breach of contract").

## V. ROBINSON'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In their first issue, the Garzas contend that "[a]s to the no-evidence motion for summary judgment, there was more than a scintilla of evidence that appellants' execution of the deed was induced by fraud as the statute of frauds did not bar the evidence of fraud submitted by appellants."

In a no-evidence motion for summary judgment, the movant must specifically state which elements of the non-movant's claims lack supporting evidence. TEX. R. CIV. P. 166a(i); *see also Bever Props., L.L.C.*, 355 S.W.3d at 888 (citing *Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex. 2004) (explaining that to prevail on a no-evidence summary-judgment motion, the movant must allege there is no evidence of an essential element of an adverse party's cause of action)); *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 817–18 (Tex. App.—Corpus Christi 2009, pet. denied). Rule 166a(i) states "[t]he motion *must* state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i) (emphasis added). In addition, a comment to rule 166a(i), which "is intended to inform the construction and application of the rule," provides, "[t]he motion *must* be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions for general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a, 1997 cmt.

7

(West 2004) (emphasis added). "A no-evidence motion for summary judgment that only generally challenges the sufficiency of the non-movant's case and fails to identify the specific elements of the non-movant's claim or claims that lack supporting evidence is fundamentally defective and insufficient to support summary judgment as a matter of law." *Bever Props., L.L.C.*, 355 S.W.3d at 888 (citing *Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.)); *see also Meru v. Huerta*, 136 S.W.3d 383, 386–87 (Tex. App.—Corpus Christi 2004, no pet.) (holding conclusory, general no-evidence motion for summary judgment was insufficient as a matter of law); *Oasis Oil Corp. v. Koch Refining Co., L.P.*, 60 S.W.3d 248, 255 (Tex. App.—Corpus Christi 2001, pet. denied) (same).

Robinson failed to specifically identify any element of either a fraud or a fraudulent-inducement claim in his no-evidence motion for summary judgment for which the Garzas lack evidence. Instead, Robinson generally challenged the sufficiency of the Garzas' case against him. Thus, we will treat Robinson's motion, in its entirety, as a traditional motion for summary judgment and analyze it accordingly. *See Garcia*, 287 S.W.3d at 819. We hold that to the extent, if any, the trial court granted Robinson a no-evidence summary judgment on the fraudulent-inducement claim, it erred in doing so because a proper no-evidence motion for summary judgment was not presented to the trial court. *See Bever Props., L.L.C.*, 355 S.W.3d at 888. In light of this conclusion, we need not review the merits of the Garzas' first issue concerning the propriety of a no-evidence summary judgment. *See* TEX. R. APP. P. 47.1.

8

## VI. ROBINSON'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

In their second issue, the Garzas contend that "[a]s to the traditional motion for summary judgment, here [sic] was a genuine issue of material fact on the issue of whether appellant's execution of the deed was induced by fraud as the statute of frauds did not bar the evidence of fraud submitted by appellants." As explained below, we disagree with the Garzas' conclusion that the statute of frauds does not bar their fraudulent-inducement claim.[5]

### A. Applicable Law

Whether a contract falls within the statute of frauds is a question of law. *Choi v. McKenzie*, 975 S.W.2d 740, 743 (Tex. App.—Corpus Christi 1998, pet. denied) (citing *Bratcher v. Dozier*, 346 S.W.2d 795, 796 (Tex. 1961)). The statute of frauds provides that certain contracts must be in writing and signed by the party against whom enforcement is sought. *See* TEX. BUS. & COM. CODE ANN. § 26.01(a)(2) (West 2009). "The purpose of the statute of frauds is to remove uncertainty, prevent fraudulent claims, and reduce litigation." *Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex. 1984); *see also Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 142 (Tex. App.—Corpus Christi

---

[5] We also note that while in some instances the Garzas generically characterize their claim against Robinson as a fraud claim, their petition shows it is a fraudulent-inducement claim. The elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). With a fraudulent-inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Id.* at 799. Although economic losses may be recoverable under either fraud or fraudulent inducement, fraud and fraudulent inducement are not necessarily interchangeable with respect to the measure of damages that would be recoverable in a particular case. *See id.* Here, the Garzas allege that Robinson deceived them into a sale agreement for their entire interest in the property; thus, their claim is a fraudulent-inducement claim. *See id.* at 798–99.

2006, pet. denied) ("The statute of frauds exists to prevent fraud and perjury in certain kinds of transactions by requiring agreements to be set out in a writing signed by the parties." ). A contract for the sale of real estate falls within the statute of frauds and must be in writing to be enforceable. TEX. BUS. & COM. CODE ANN. § 26.01(b)(4).

The statute of frauds may bar a claim for fraudulent inducement when a party casts the complaint in the form of a fraud cause of action, but is actually attempting to recover damages for breach of an unenforceable oral contract. *Choi*, 975 S.W.2d at 745 (citing *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 129 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)); *see also Haase v. Glazner*, 62 S.W.3d 795, 800 (Tex. 2001) (holding plaintiff's fraudulent-inducement claim failed because in light of the application of the statute of frauds, he was not induced to enter a binding contract). In determining whether a plaintiff is attempting to use a fraud claim to circumvent the statute of frauds, a court must consider the nature of the injury the plaintiff alleges. *J. Parra e Hijos, S.A. de C.V. v. Barrosco*, 960 S.W.2d 161, 170 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 960 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.)); *see also Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) (explaining that in its holdings, the Supreme Court of Texas focuses on "the legal treatment of claims[,] . . . the true nature of disputes rather than allow[ing] artful pleading to morph contract claims into fraud causes of action to gain favorable redress under the law"). It is also proper for a court to consider the relationship of the promise to the purposes of the statute of frauds in determining whether the statute of frauds bars a claim.

10

*See Leach*, 892 S.W.2d at 960; *Webber*, 720 S.W.2d at 129 (citing *Keriotis v. Lombardo Rental Trust*, 607 S.W.2d 44 (Tex. App.—Beaumont 1980, writ ref'd n.r.e.)).

## B. Analysis

The essence of the Garzas' fraudulent-inducement claim is that because the parties' written sale agreement allegedly contravenes their oral agreement to sell Robinson a joint ownership interest in the property, the Garzas are entitled to rescission.[6] The undisputed evidence shows that Osbelia Garza was very sick and in need of medical treatment; that, shortly, the bank would foreclose upon the Garzas; that the Garzas approached Robinson regarding their impending foreclosure; and that the Garzas "would rather sell the property than to lose it to the bank." The parties thereafter entered into their written agreement regarding the sale of the property.

In *Weakly v. East*, this Court held that an oral agreement to sell a ranch was unenforceable. 900 S.W.2d at 758. The Weaklys sued East alleging he fraudulently

---

[6] In an effort to avoid the statute of frauds, the Garzas also seek rescission of the sale of their property instead of benefit-of-the bargain damages and argue this difference in the measure of damages necessarily removes their claim from the scope of the statute of frauds. Rescission, however, does not necessarily remove their fraudulent-inducement claim from the scope of the statute of frauds because rescission is a remedy in contract cases and fraudulent-inducement cases. As an equitable remedy for breach of contract, rescission serves to "undo" the contract in lieu of monetary damages that would be inadequate to compensate the complaining party. *See City of the Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 733 (Tex. App.—Fort Worth 2008, pet. dism'd) (discussing rescission as a contract remedy); *Humphrey v. Camelot Ret. Cmty.*, 893 S.W.2d 55, 59 (Tex. App.—Corpus Christi 1994, no writ) ("Rescission is an equitable remedy that operates to set aside a contract that is legally valid but is marred by fraud, mistake, or for some other reason, the court must set it aside to avoid unjust enrichment."); *see also Nelson v. Najm*, 127 S.W.3d 170, 176 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("Texas courts have long held under general principles of common-law fraud that one who is induced by fraud to enter into a contract has a choice of remedies: he may either recover his monetary damages flowing from the fraud or he may elect the equitable remedy of rescission in lieu of damages and demand a return of any amount paid."); *Fazio v. Cypress/GR Houston I, L.P.*, 2013 WL 1416558, at *34 (Tex. App.—Houston [1st Dist.] April 5, 2013, no pet. h.) (en banc) (Keyes, J., dissenting) (explaining damages for fraud in a real-estate sale are usually out-of-pocket or benefit-of-the-bargain damages, though "Texas courts have also held under general principles of common-law fraud that one who is induced by fraud to enter into a contract may elect an equitable remedy of restitution or rescission . . . .").

represented he would purchase their ranch before an impending foreclosure sale of the property, when he really intended to wait so that he could obtain the property at a significantly lower price. *Id.* The Weaklys did not contend that East or his accountant, Holloway, fraudulently represented to them that no written agreement was necessary or that they refused to sign a written agreement documenting the alleged oral agreement. *Id.* Concluding that the essence of the fraud claim was enforcement of an oral agreement to purchase realty, this Court held the statute of frauds barred the Weaklys' fraud claim and that summary judgment against them was proper. *Id.*

As in *Weakly*, the Garzas do not contend that Robinson fraudulently represented that no written agreement was necessary to memorialize the oral agreement or that Robinson refused to sign a written agreement to effectuate the oral agreement. *See Weakly*, 900 S.W.2d at 758. Further, the Garzas have not alleged or attested to any fraudulent misrepresentation or conduct that was made to *induce* them to execute the warranty deed conveying the property and the other related documentation. *See e.g., Powell v. Andrews*, 220 S.W.2d 718, 720–21 (Tex. Civ. App.—Texarkana 1949, writ ref'd n.r.e.) (recognizing a common-law cause of action for fraudulent inducement to sign a real-estate contract). Rather, Roberto Garza merely attests "I cannot read or understand the English language[]"[7] without further explanation. Although this statement may suggest an inference that he did not personally read the warranty deed and the other written documents, the undisputed evidence shows that the closer's "legal assistant

---

[7] The record is silent regarding whether Osbelia Garza can read or understand English or whether Robinson can read or understand Spanish.

12

explained everything to the [Garzas] in Spanish . . . ." There is no evidence of active trickery or deceit in this record.

Allowing the Garzas to recover by using an alleged prior oral agreement to contradict the parties' proven, subsequent written real-estate sale would defeat the recognized purposes of the statute of frauds to safeguard the integrity of written instruments against fraud, remove uncertainty, and reduce litigation. *See Givens*, 671 S.W.2d at 878; *see also Sutton v. Grogan Supply Co., Lumber Div.*, 477 S.W.2d 930, 934–35 (Tex. Civ. App.—Texarkana 1972, no writ). Moreover, a party claiming fraud has a duty to use reasonable diligence in protecting his own affairs, and most specifically, an obligation to protect himself by reading what he signs. *Thigpen v. Locke*, 363 S.W.2d 247, 252 (Tex. 1962) (explaining parties to a real estate transaction bear the legal responsibility of reading what they sign); *see also El Paso Field Servs., L.P. v. Mastec N. Am., Inc.*, 389 S.W.3d 802, 811 (Tex. 2012) (same); *In re Bank of Am., N.A.*, 278 S.W.3d 342, 345 (Tex. 2009) (same); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134 n.37 (Tex. 2004) (same). As the Supreme Court stated in *Thigpen*,

> As to the contention that there was some evidence on the second theory of actual fraud, petitioner has interposed the rule that a party to an arms-length transaction is charged with the obligation of reading what he signs and, failing that, may not thereafter, without a showing of trickery or artifice, avoid the instrument on the ground that he did not know what he was signing. This rule is but a narrower application of the principle that the party claiming fraud has a duty to use reasonable diligence in protecting his own affairs. 'In an arm's-length transaction the defrauded party must exercise ordinary care for the protection of his own interests and is charged with knowledge of all facts which would have been discovered by a reasonably prudent person similarly situated. And a failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.'

13

*Thigpen*, 363 S.W.2d at 252 (citations omitted).

For the foregoing reasons, we conclude that the Robinsons established their statute of frauds defense as a matter of law and the trial court therefore did not err in granting summary judgment on the Garzas' fraudulent-inducement claim.[8] *See e.g., Weakly*, 900 S.W.2d at 758; *see also* TEX. R. CIV. P. 166a(c). We overrule the Garzas' second issue on appeal.

## VII.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
27th day of June, 2013.

---

[8] While we recognize a fraud claim may be premised on prior oral statements that are inconsistent with a later written agreement, a fraud claim cannot be based on a contractual promise barred by the statute of frauds because in that instance, the alleged fraudulent promise cannot be proved. *Compare Quigley v. Bennett*, 227 S.W.3d 51, 54 (Tex. 2007) (holding an agreement barred by the statute of frauds is no evidence of the parties' agreement; thus, a geologist whose claim for transfer of a royalty interest was barred by the statute of frauds could not recover the value of the royalty interest because allowing recovery of the royalty interest's value would entail circumventing the statute of frauds); *with Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied) ("subsequent written contract only precludes a fraud claim based on prior oral statements made during negotiations that are *inconsistent* with a specific contract provision"); *Young v. Gardner*, 507 S.W.2d 250, 261 (Tex. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) ("excluded testimony was admissible because it merely explained collateral agreements which . . . formed the inducements or consideration for the writing, and that such evidence was not inconsistent with the terms of the writing").

14